[No. 25038. Department One. July 24, 1934.]

C. S. Carlson, *Appellant*, v. Anna Stotko, *Respondent.*[1]

*Frank M. Egan,* for appellant.

*Spencer Gray,* for respondent.

Millard, J.—Payment of a personal note of Anna Stotko to C. M. Ryan was secured by a real estate mortgage, of which Anna Stotko was the mortgagor and C. M. Ryan was the mortgagee. Plaintiff, to whom Ryan assigned the mortgage and note, brought this action on the note and to foreclose the mortgage. Admitting she executed the instruments described, the defendant alleged as an affirmative defense that the note and mortgage were obtained from her through the fraudulent representations of Ryan, plaintiff's assignor. Plaintiff admitted he was not a holder in

[1]Reported in 34 P. (2d) 886.

due course, therefore Mrs. Stotko could raise any defense to the note and mortgage which she had against Ryan.

The court found that the note and mortgage were obtained from the defendant through the fraudulent representations of Ryan to her

". . . that he had obtained or was obtaining a commission from the seller of the property described in plaintiff's complaint and was making the defendant a loan of said amount in said transaction, which representations were false and fraudulent and made for the purpose and intent of deceiving this defendant and on which this defendant was entitled to and did rely by reason of the confidence which she had imposed upon the said C. M. Ryan at said time; that in truth and in fact said C. M. Ryan had not been paid any commission whatsoever by the seller of said property at the time said note was signed but had falsely and fraudulently given a receipt to evidence that he was being paid the same for the purpose of deceiving this defendant;"

and in harmony therewith entered judgment in favor of the defendant. Plaintiff appeals.

The only question presented by this appeal is whether respondent was, to her damage, induced by fraudulent representations of Ryan to execute the note and mortgage on which this action is based.

In the forepart of 1928 the respondent called at the office of Largent & Ryan, Inc., a corporation, real estate broker in the city of Seattle, in response to an advertisement regarding an apartment house. Ryan, the principal or sole owner of the Largent & Ryan corporation, showed her the property involved in this cause. That property, which Ryan represented would be the site of the new post office, was owned by the estate of Mary D. Pease, deceased, of which John M. Hubbell was the administrator. Respondent desired to purchase the property, and expressed a willingness

to pay twenty-two thousand dollars therefor, on terms. Her proposal was not accepted. Ryan represented to her that the property could be purchased for not less than nineteen thousand five hundred dollars cash.

The respondent, a middle-aged woman of little, if any, business experience, spent many years in Alaska, and, until her husband's death about five years ago, gave her entire time to the duties of a housewife. Her husband left a considerable estate, consisting of a business and real property in Seward, Alaska. In an endeavor to acquire sufficient money to pay nineteen thousand five hundred dollars cash for the Seattle property, respondent went to Alaska to sell her property there. She could not dispose of her property to advantage, and on her return to Seattle she informed Ryan she would forfeit the earnest money deposited with him and not consummate the deal.

Ryan induced her to go through with the transaction on the payment of nineteen thousand five hundred dollars for the property. Through Ryan's efforts, a promise of a loan of ten thousand dollars secured by a first mortgage, and of a loan of twenty-three hundred dollars secured by a second mortgage, was obtained. The proceeds of these two mortgages, plus the check for two thousand dollars previously deposited by the respondent and the cash in the hands of respondent, totaled one thousand dollars less than the agreed cash purchase price of nineteen thousand five hundred dollars.

Ryan informed the respondent that he had obtained a commission of one thousand dollars from the seller, and showed respondent his receipt to the administrator. He offered to lend this one thousand dollars to the respondent, taking a third mortgage to secure payment of the loan, and let it go in as a part of the purchase price of the property. He represented to

the respondent that the purchase price was nineteen thousand five hundred dollars, and drafted an escrow agreement reciting a purchase price in that amount. Relying on Ryan's representations that the purchase price was nineteen thousand five hundred dollars and that Ryan was making her a loan of his commission of one thousand dollars which he had collected from the seller, the respondent executed the note and mortgage in question.

The actual price paid through Ryan to the seller of the property was eighteen thousand dollars, not nineteen thousand five hundred dollars, as he represented. The receipt made out by Ryan, showing he had been paid a commission of one thousand dollars by the seller, was false. He had no agreement with the seller for the payment of a commission, nor was he paid any commission by the seller. Neither did respondent at any time agree to pay a commission to Ryan. His offer to make respondent a loan of his commission and his statement of the amount of the purchase price were fraudulent representations which induced the respondent to execute the note and mortgage for one thousand dollars. It is not necessary to recite further facts revealing the methods employed by Ryan to win respondent's confidence and then, while she implicitly trusted him, to defraud her.

Actionable fraud can be predicated upon misrepresentations as to the cost of property where the price paid was expressly based upon the cost, as in the case at bar. In effect, Ryan agreed to buy the property for the respondent, who agreed to pay Ryan what he gave for it, not to exceed nineteen thousand five hundred dollars. Ryan falsely represented the price was nineteen thousand five hundred dollars, including a one-thousand-dollar commission paid to him by the seller. This agent Ryan was employed to

purchase property for respondent. He misrepresented the price paid and made a secret profit at the expense of the respondent. He was guilty of fraud which bars his right to recovery on the note and foreclosure of the mortgage. *Sunset Copper Co. v. Zickrick*, 125 Wash. 565, 217 Pac. 5. Any defense to the note and mortgage which respondent had against Ryan could be raised against Ryan's assignee, the appellant, as he was not a holder in due course.

The judgment is affirmed.

BEALS, C. J., MAIN, MITCHELL, and STEINERT, JJ., concur.